Steven N. Feldman
Direct Dial: (212) 906-1821
Steve.Feldman@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

**MEMO ENDORSED**, last page.

March 2, 2023

**VIA ECF**

Hon. Edgardo Ramos, United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 619
40 Foley Square
New York, NY 10007

> Re:  *Vogel v. TakeOne Network Corp. d/b/a Wrapbook, et al.*, No. 22-cv-03991-ER—
> Request for Discovery Stay Pending Resolution of Defendants' Motion to Dismiss

Dear Judge Ramos:

We represent Defendants TakeOne Network Corp. d/b/a Wrapbook ("Wrapbook"), Ali Javid, Naysawn Naji, Hesham El-Nahhas, and Cameron Woodward (collectively, the "Defendants") in the above-referenced matter.  We write pursuant to Federal Rule of Civil Procedure 26(c) to respectfully request that the Court order a stay of discovery pending the resolution of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 34).[1]

Under Rule 26(c), the Court has discretion to stay discovery for good cause.  When a motion to dismiss is pending, the Court evaluates a showing of good cause "by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *N.Y. by James v. Pa. Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (Ramos, J.) (internal citation omitted). Each of these factors counsels in favor of granting a stay of discovery in this case.

*First*, Defendants' motion to dismiss raises "substantial arguments for dismissal of . . . all[] of [Plaintiff's] claims" as a matter of law. *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (staying discovery) (internal citation omitted).  In particular, Defendants' motion sets forth how the Amended Complaint falls short of pleading a duty-bound relationship, which undermines eight of Plaintiff's ten claims.  The motion also identifies myriad claim-specific deficiencies, including how Plaintiff has failed to abide well-established novelty and specificity requirements essential to his misappropriation claims.  Plaintiff has not

---

[1] Pursuant to Rule 2(A)(i) of the Court's Individual Practices, before seeking this relief, Defendants met and conferred with counsel for Plaintiff by teleconference on March 2, 2023.  Plaintiff opposes the relief requested in this letter-motion.

**LATHAM&WATKINS**LLP

meaningfully disputed the legal standards Defendants identify; rather, his opposition brief largely quibbles over factual distinctions in Defendants' cited cases. Defendants have made the "strong showing" to justify a stay of discovery. *See N.Y. by James*, 2020 WL 605944, at *1.

*Second*, Plaintiff's initial discovery requests are "expansive enough in [their] wording to impose significant" discovery burdens on Defendants.[2] *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). Plaintiff's first requests for production include 45 separate requests with such broad demands as "[e]xact copies (*i.e.*, bit-by-bit mirror image copies) of all hard drives on the [computers], mobile devices, servers, and other electronic media of or used by" each of Wrapbook's co-founders if they contain anything about Vogel, Tradekraft, or Wrapbook, *see* Ex. 1, Reqs. 5-8, and "[a]ll documents and communications concerning the development of the Wrapbook Software" *id.* Req. 15. Plaintiff's requests for production and interrogatories also seek commercially sensitive and trade secret Wrapbook information, including all of Wrapbook's fundraising documents and communications with investors, *e.g.*, *id.* 36, 38-39; Ex. 2, Interrog. 9; details on Wrapbook's capitalization, valuation, and the co-founders' interests in the company, *e.g.*, Ex. 1, Reqs. 13, 42; Ex. 2, Interrog. 10; and a copy of Wrapbook's proprietary software. Ex. 1, Req. 14.

Moreover, in the event the Court grants the motion to dismiss even in part, a stay has "the advantage of simplifying and shortening discovery . . . by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *See Spinelli*, 2015 WL 7302266, at *2 (citing *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989)). This is particularly so here, where Plaintiff has provided no legal or factual basis for any of the claims against defendants Wrapbook, Javid, and Woodward. Plaintiff's conclusory approach to litigating against three of the five defendants falls short of substantiating his need for much of his requested discovery, for example "bit-by-bit mirror image copies" of *every device* Javid and Woodward ever used to discuss their company Wrapbook. Many of Plaintiff's overbroad requests could soon become unnecessary, or at least ripe for significant narrowing.

*Finally*, a stay of discovery would not unfairly prejudice Plaintiff. Defendants' motion to dismiss was fully briefed on December 2, 2022, and so any stay "would only be for a period of a several months as the Court considers the pending motion to dismiss." *N.Y. by James*, 2020 WL 605944, at *2. Plaintiff, meanwhile, did not send his first discovery requests to Defendants until January 18, 2023 and did not request a Rule 26(f) Conference until February 14, 2023—more than eight months after Defendants acknowledged service of the original complaint. The lack of unfair prejudice is especially stark when cast against the significant, unnecessary costs that proceeding with discovery now would impose on Defendants.

In sum, "the Defendants have advanced viable arguments for dismissal, the proposed discovery [would] be significantly burdensome, and the Plaintiffs should suffer little or no prejudice from a stay." *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7,

---

[2] Plaintiff's first requests for production are attached as Ex. 1. His first set of interrogatories are attached as Ex. 2.

**LATHAM&WATKINS**LLP

2015). Accordingly, Defendants respectfully request the Court stay discovery pending resolution of the motions to dismiss.

Respectfully submitted,

/s/ *Steven N. Feldman*
Steven N. Feldman
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)

---

A pre-motion conference will be held on March 21, 2023 at 10 a.m. by telephone. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.
SO ORDERED.

_____
Edgardo Ramos, U.S.D.J.
Dated: 3/13/2023
New York, New York