# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SCOTT VOGEL, individually, and on behalf of the Tradekraft Partnership,<br><br>        Plaintiff,<br><br>v.<br><br>TAKEONE NETWORK CORP. d/b/a WRAPBOOK, PATRICK ALI JAVID, NAYSAWN NAJI, HESHAM EL-NAHHAS, and CAMERON WOODWARD, individually, and in their capacity as Co-Founders of WRAPBBOOK,<br><br>        Defendants. | Civil Action No. 22-cv-03991 (AS) |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony, and exhibits, expert reports, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nothing in this Order is intended to violate or abrogate the need for compliance with applicable laws and regulations related to personal information.

2.    **Confidential Information, Highly Confidential Information, and Highly Confidential Source Code**.  As used in this Order,

(a)    "Confidential Information" means: (i) information protected from disclosure by

1

statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial, or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personal identity information; or (vi) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

(b)     "Highly Confidential Information" means any extremely sensitive Confidential Information that a producing party has, subject to the provisions of this Order, designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" based on the producing party's reasonable and good-faith belief that the documents would not otherwise be adequately protected under the procedures set forth in this Order for Confidential Information.

(c)     "Source Code" means any documents that a producing party has, subject to the provisions of this Order, designated as "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" based on the producing party's reasonable and good-faith belief that the documents constitute or reveal computer code and associated comments and revision histories, formulas, engineering specifications, schematics, scripts, assembly, binaries, object code, firmware files, software design and requirements files, build/link files, configuration control files, quality assurance, and test documentation, and Hardware Description Language or Register Transfer Level files that describe proprietary hardware design, or other material that describes in detail the algorithms, content, or structure of proprietary software or hardware designs, that would not otherwise be adequately protected under the procedures set forth in this Order for Confidential Information or Highly Confidential Information.

**3.      Designation.**

(a)      A party may designate a document as Confidential Information, Highly Confidential Information, or Source Code for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The markings "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time when the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" shall be also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the

3

substance of the Confidential Information are not required to be marked. For information produced in electronic, audio, or video format, and for any other tangible materials, the producing party must mark the materials "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" in a prominent place on the item itself or the exterior of the container or containers in which the information or item is stored and/or in the electronic file name.

(b)     A party may designate a document as Confidential Information, Highly Confidential Information, or Source Code only after review of the document by an attorney or a party appearing *pro se* who has in good faith determined that the document contains Confidential Information, Highly Confidential Information, or Source Code as defined in this Order.

## 4.     Depositions.

Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information – Attorneys' Eyes Only for a period of 30 days after the conclusion of the deposition. No later than thirty days after the conclusion of the deposition, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, Highly Confidential, or Source Code, and thereafter those portions identified in the Notice of Designation shall be protected pursuant to the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information.

## 5.     Protection of Confidential Material.

(a)     **General Protections**. Confidential Information shall not be used or disclosed by

4

the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures for Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel**. Outside counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties**. Individual parties and employees of a party, including no more than two (2) in-house counsel, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; for the avoidance of doubt, this subparagraph does not apply to Highly Confidential Information or Source Code;

(3) **The Court and its Personnel**;

(4) **Court Reporters and Recorders**. Court reporters, videographers, and recorders engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents, organizing or processing documents, providing graphics or design services, or providing jury or trial consulting services;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action

5

but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and after the disclosure procedures set forth in Paragraph 5(d) below are completed;

(7) **Witnesses at Depositions**. Outside counsel for a Party may disclose Confidential or Highly Confidential – Attorneys' Eyes Only document(s) to any witness at a deposition provided counsel has obtained prior written consent of the producing party. Consent need not be obtained if the person is an author, recipient, or current custodian of the Confidential or Highly Confidential – Attorneys' Eyes Only document, a corporate designee of the producing party pursuant to Federal Rule 30(b)(6), or a current or former employee of the producing party. Witnesses shall not retain a copy of documents containing Confidential or Highly Confidential – Attorneys' Eyes Only Information to the extent such documents are provided to them in connection with their deposition, except witnesses may receive a copy of all exhibits marked or used at their depositions in connection with review of the transcripts. Witnesses must either return or certify destruction of any document containing Confidential or Highly Confidential – Attorneys' Eyes Only Information upon completion of the review of their transcript.

(8) **Dispute Resolution**. Mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, given that each has completed the certification in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(9) **Mock Trial**. Mock trial or focus group participants to the extent reasonably necessary to conduct a mock trial or focus group exercise and provided that: (i) the participants are required to sign a confidentiality agreement to participate in the study; (ii)

6

the Confidential Information and Highly Confidential Information is only displayed in presentation materials by outside counsel and not provided in any material given to the participants as a handout; and (iii) the participants are not permitted to retain any materials from the exercise, other than a copy of their confidentiality agreement and documents related to payment for their participation in the exercise; and

(10)    **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)    **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(d)    **Disclosure Process for Outside Consultants and Experts.** The party obtaining Attachment A, Acknowledgement of Understanding and Agreement to Be Bound, must serve it on all other parties at least three (3) business days before the first disclosure of documents designated for protection under this Order to a consultant, investigator, or expert (or member of their staff).  The party seeking to make the disclosure must serve the producing party with a (i) written identification of the consultant, investigator, or expert; (ii) a copy of his or her curriculum vitae; and (iii) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition. If the producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the consultant, investigator, or expert), it must serve the party seeking to make the disclosure with a written objection within three (3) business days after service of the identification.  Unless the parties resolve the dispute

7

within three (3) business days after service of the objection, the producing party must move the Court promptly for a ruling, and the documents designated for protection under this Order may not be disclosed to the consultant, investigator, or expert without the Court's approval.

**6.       Protection of Highly Confidential Information and Source Code.**

(a)       **General Protections.**  Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any Source Code is relevant. Highly Confidential Information and Source Code shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)       **Limited Third-Party Disclosures for Highly Confidential Information and Source Code.**  Highly Confidential Information and Source Code shall be subject to all of the protections afforded to Confidential Information and may be disclosed only to the individuals to whom Confidential Information may be disclosed as set forth in Paragraph 5(b)(1), (3)–(8)—except that Paragraph 5(b)(2) does not apply, and the parties and their employees accordingly may not access Highly Confidential Information or Source Code without express written consent of the producing party.

(c)       **Review Protocol for Source Code.**

(1)       **Availability of Source Code for Inspection.**  The producing party shall make documents designated "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" available to the receiving party for inspection on one standalone, secured computer in a secured room at a mutually agreeable location. The computer shall not have connection to any printer or storage device other than the

computer's internal hard disk drive. The Source Code shall be maintained in a format that allows for reasonable review and searching. The receiving party shall be responsible for providing the reasonable analysis tools (or licenses to those tools) that it seeks to use for inspection purposes to the producing party so that the producing party may install those tools on the secured computer.

(2)    **Written Notice of Source Code Inspection.**    The receiving party shall provide written notice of their intent to review the source code at least five (5) business days in advance of the desired review date. The source code shall be available for inspection from 9:00 AM through 6:00 PM local time at the reviewing location, or at other mutually agreeable times and locations.

(3)    **Scope of the Reviewing Party's Inspection.**    The receiving party's representatives are allowed to take notes on a laptop or other personal electronic devices during their inspection but may not copy substantial portions of the Source Code into the notes. For purposes of this provision, "substantial" shall mean three or more consecutive lines of code OR more than three lines from every twenty-five lines of code. Such notes are to be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER". The receiving party shall also maintain a paper and electronic log of the names of its representatives who inspected the producing party's Source Code; the dates, times, and locations of those inspections; and the names of any individuals to whom the reviewers' notes regarding the Source Code were provided.  Upon arrival at the inspection site, all of the reviewing party's representatives shall comply with reasonable security measures to confirm that no prohibited items or personnel enter the site. The reviewing party is prohibited from copying, removing, modifying, translating, porting,

9

photographing, or transferring the source code from the secured computers on which it is stored. Moreover, the reviewing party shall not provide access to or otherwise use the Source Code in any manner that is not expressly authorized by the terms of this Order.

(4)     **Inspection Monitoring by the Producing Party.** The producing party or its outside counsel may visually monitor the receiving party's representatives during their review of the producing party's Source Code so as to ensure compliance with this Order. Video supervision is not permitted.

(5)     **Producing Hard-Copy Printouts of Source Code for Preparation of Court Filings.** If it is necessary to access limited portions of the producing party's Source Code for the preparation of court filings or other papers, expert reports, depositions, or for trial purposes, the receiving party may serve upon the producing party a written request for three (3) hard copies of those limited portions of the Source Code. The producing party shall produce the hard-copy printouts within four (4) business days of its receipt of the written request, unless otherwise agreed upon by the parties. The printouts shall be in paper form and include Bates production numbers. Each page of the produced printouts shall be designated "HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER." The receiving party shall not request Source Code printouts in order to review blocks of Source Code in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code computer. If the producing party challenges the amount of Source Code requested, the parties shall meet and confer within five (5) days in a good faith attempt to resolve the objection. If the objection is not resolved, the producing party shall have seven (7) days after the expiration of the meet and confer period in which to file a motion for relief from

10

production of the printout(s) that are the subject of the objection. The printout(s) shall be retained by the producing party, and not produced, pending the Court's resolution of the motion.

(6)     **Storage of Source Code Hard Copies.** The receiving party shall store any and all hard copy printouts of limited portions of the Source Code that it receives pursuant to Paragraph 9(c)(5) in a secured, locked area to which only authorized representatives have access.

(7)     **Use of Source Code Hard Copies at a Deposition, Hearing, or Trial.** The receiving party may make up to four additional paper copies of printouts of the Source Code for use at depositions, hearings, or trial. Additional copies of the Source Code may be created for use at depositions, hearings, or trial, provided that the receiving party obtains the producing party's express written consent before doing so. For deposition purposes, one hard copy of the Source Code shall be marked as an exhibit and stored by counsel for the party presenting the exhibit during the deposition in a secured and locked area to which only authorized representatives have access. Court reporters or any other unauthorized individuals shall not access any paper copies of the Source Code that are used at depositions, hearings or trial. The producing party shall make a standalone computer with a complete copy of its produced Source Code available to the receiving party for use at a deposition, hearing, or trial, provided that the receiving party submits a written request for such a standalone computer to the producing party at least 5 (five) business days before the applicable deposition, hearing, or trial date.

(8)     **Potential Judicial Intervention to Resolve Disputes Regarding the Storage and Inspection of Source Code.** To the extent disputes arise regarding any of

11

the storage and inspection procedures for Source Code set forth in this Paragraph, the parties shall rely on the procedures set forth in Paragraph 10 to resolve those disputes.

(9) **Termination of Source Code Copies.** Within sixty (60) calendar days after the final termination of this litigation, the receiving party must provide written certification to the producing party that all copies of the producing party's Source Code have been destroyed.

7. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information, Highly Confidential Information, or Source Code does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information, Highly Confidential Information, or Source Code after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, Highly Confidential Information, or Source Code, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information, Highly Confidential Information, or Source Code.

8. **Filing of Confidential Information, Highly Confidential Information, or Source Code**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information, Highly Confidential Information, or Source Code in connection with a motion, brief, or other submission to the Court

12

must: (a) provisionally file the document electronically under seal; (b) file electronically at the same time a public-record version of the document with the Confidential Information excluded; and (c) move the Court for leave to file the Confidential Information, Highly Confidential Information, or Source Code under seal. That sealing motion must be filed before or simultaneously with the provisional filing of the Confidential Information, Highly Confidential Information, or Source Code under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential Information, Highly Confidential Information, or Source Code has the burden of demonstrating the need for sealing. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

**9.** **No Greater Protection of Specific Documents**. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**10.** **Challenges by a Party to Designation as Confidential Information, Highly Confidential Information, or Source Code**. The designation of any material or document as Confidential Information, Highly Confidential Information, or Source Code is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A party challenging the designation of Confidential Information, Highly Confidential Information, or Source Code must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to

13

reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)    **Judicial Intervention**.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials at the level designated by the designating party under the terms of this Order.

11.    **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Confidential Information, Highly Confidential Information, or Source Code shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.    **Use of Confidential, Highly Confidential, or Source Code Documents or Information at Trial**.  Each party expressly reserves its right to seek confidential treatment or sealing of any exhibits or testimony introduced at trial.  Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.  A party that intends to present or which anticipates that another party may present Confidential Information, Highly Confidential Information, or Source Code at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14

**13.    Confidential Information, Highly Confidential Information, or Source Code Subpoenaed or Ordered Produced in Other Litigation.**

(a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, Highly Confidential Information, or Source Code, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information, Highly Confidential Information, or Source Code in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, Highly Confidential Information, or Source Code, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**14.    Challenges by Members of the Public to Sealing Orders**.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been

15

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

   **15.**   **Obligations on Conclusion of Litigation.**

   (a)   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b)   Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, Highly Confidential Information, and Source Code and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in subsection 3(a), shall be returned to the producing party or destroyed unless the document has been offered into evidence or filed without restriction as to disclosure. Any party who elects to destroy the documents must certify to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, Highly Confidential Information, and Source Code, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, Highly Confidential Information, or Source Code, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information, Highly Confidential Information, or Source Code shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information, Highly Confidential Information, or Source Code.

   (c)   **Deletion of Documents Filed under Seal from ECF System**. Filings under seal

shall be deleted from the ECF system only upon order of the Court.

16.    **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17.    **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information, Highly Confidential Information, or Source Code by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19.    **Limits on Discoverability of Expert Materials**.  Consultants and experts (whether testifying or consulting) shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications to and from a consultant or expert, and all materials generated by a consultant or expert with respect to that person's work, are exempt from discovery unless actually relied upon by a testifying consultant or expert in forming any opinions in this litigation and such information is not already disclosed in the consultant or expert's report.  The foregoing does not otherwise restrict discovery by oral deposition of testifying consultants or experts, does not obligate any Party to retain draft reports, and is not intended in any way to narrow the protections regarding disclosure of expert materials

in Federal Rule of Civil Procedure 26.

**20.     Party's Own Information**.  The restrictions on the use of Confidential Information, Highly Confidential Information, and Source Code established by this Order are applicable only to the use of documents received by a party from another party or from a non-party.  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, materials, or information lawfully obtained by such party or witness independently of the discovery proceedings in this case, whether or not such documents, materials, or information are also obtained through discovery proceedings in this case.

**21.     Applicability to Third Parties**.  In the course of this case, the parties may attempt to discover documents and information from third parties.  Any third party from whom discovery is sought by a party to this case may avail itself of the protections and limitations of disclosure provided for in this Order.  The third party shall identify any Confidential, Highly Confidential, or Source Code produced in accordance with this Order.  The parties hereby agree to treat any material produced by a third party and designated Confidential, Highly Confidential, or Source Code in accordance with the terms of this Order.  The Parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

It is so stipulated, through counsel of record.

DATED: June 25, 2024      LATHAM & WATKINS LLP

/s/ Steven N. Feldman
Steven N. Feldman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Steve.Feldman@lw.com

Jason R. Burt (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Jason.Burt@lw.com

*Attorneys for Defendants*

MCCARTER & ENGLISH, LLP

/s/ Curtis B. Leitner
Curtis B. Leitner
Worldwide Plaza
825 Eight Avenue, 31st Floor
New York, NY 10019
Telephone: (212) 609-6853
c.lietner@mccarter.com

James Michael Smedley
1600 Market Street, Suite 3900
Philadelphia, PA 19106
Telephone: (215) 315-3582
jsmeldey@mccarter.com

Wyley S. Proctor
Alexander T. Hornat
265 Franklin Street
Boston, MA 02210
Telephone: (860) 275-6720

19

wproctor@mccarter.com
ahornat@mccarter.com

*Attorneys for Plaintiff Michael Scott Vogel*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

June 25, 2024

DATED: _____     _____

Arun Subramanian, U.S.D.J.

## **EXHIBIT A**

### **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [_____] in the case of *Vogel v. TakeOne Network Corp. et al.*, 22-cv-03991. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Job Title: _____

Employer: _____

Date: _____

Signature: _____

City and State where sworn and signed: _____

21