

**Curtis B. Leitner**
Partner

T. 212-609-6853
F. 212-414-4573

cleitner@mccarter.com

McCarter & English, LLP

250 West 55th Street
13th Floor
New York, NY 10019

www.mccarter.com

**GRANTED.**

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 165.**

**SO ORDERED.**

*[signature]*

Arun Subramanian, U.S.D.J.
Date: September 29, 2025

March 26, 2025

**VIA ECF**
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   *Vogel et al. v. TakeOne Network Corp. et al.*, No. 22-cv-3991 (AS)

Dear Judge Subramanian:

This firm represents plaintiff Michael Scott Vogel ("Plaintiff") in the above-referenced matter. We write pursuant to this Court's February 6, 2025 order (Dkt. 113) and paragraph 11(C) of the Court's Individual Practices to explain the need to seal and redact the following materials filed in connection with Plaintiff's March 12, 2025 summary judgment opposition and *Daubert* opposition (Dkt. 152–63):

- Seal – Leitner Declaration Exhibits 5, 45, 65, 66, 67, 68, 69, 75, and 93.
- Redact – Paragraph 239 of the Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Uncontroverted Material Facts;
- Redact – Paragraphs 9 and 36 of the Plaintiff's Local Rule 56.1 Counter-Statement of Uncontroverted Material Facts;

In line with Plaintiff's earlier sealing and redaction requests in response to Defendants' filings (Dkt. 150), Plaintiff again seeks to seal and redact only a limited subset of documents and information. Although there is a presumption of public access, courts in the Second Circuit must weigh "the competing interests of public access" against the "countervailing" interests of the parties, including privacy interests that militate against public disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

The redacted and sealed documents protect trade secret and confidential and sensitive technical and business information, which Plaintiff designated as "Confidential" under the Stipulated Protective Order. Dkt. 84. "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans . . . pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). Specifically here:

- Exhibit 5 is a document disclosing detailed product ideas and implementation details, which constitute confidential and sensitive technical, business, and trade secret information;

ME1 52583713v.1

Hon. Arun Subramanian U.S.D.J.
March 26, 2025
Page 2 of 3

- Exhibit 65 is a software design document disclosing detailed product ideas and implementation details, which constitute confidential and sensitive technical, business, and trade secret information;

- Exhibits 45, 66, 67, 68, 69, and 75 are slide decks disclosing detailed product and implementation details, which constitute confidential and sensitive technical, business, and trade secret information;

- Exhibit 93 is a draft advisor agreement containing sensitive business information related to Tradekraft's internal operations and proposed equity structure, which constitutes confidential and sensitive technical and business information;

- Paragraph 239 of the Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Uncontroverted Material Facts references Exhibits 45, which constitutes confidential and sensitive technical, business, and trade secret information; and

- Paragraphs 9 and 36 of the Plaintiff's Local Rule 56.1 Counter-Statement of Uncontroverted Material Facts reference Exhibit 45, which constitutes confidential and sensitive technical, business, and trade secret information.

All of the foregoing constitute Plaintiff's trade secret and/or sensitive business information and should thus be protected from public view. *Kewazinga Corp.*, 2021 WL 1222122, at *3. Further, the redactions are narrowly tailored and will not impact the public's understanding of this action. Thus, the balance weighs in favor of granting Plaintiff's motion. *See, e.g., Lugosch*, 435 F.3d at 119–20; *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (acknowledging that protecting sensitive business information is a "countervailing factor" to presumed public access).

Additionally, at Defendants' request, Plaintiff has submitted the following documents under seal: Plaintiff's Exhibit Nos. 37, 52, 53, 54, and 89. Further, at Defendants' request, redactions have been applied to portions of the following documents:

- Plaintiff's Response to Defendants' Local Rule 56.1 Statement (Dkt. 155) at ¶¶ 61, 76–79, 86, 89, 93, 95, 183, 188, 214, 222, 232, 241, 245, 251, 255, 256, 264, 267, 269, 270, 271, 276, 285, 308.

- Plaintiff's Local Rule 56.1 Counter-Statement (Dkt. 160) at ¶¶ 30, 42, 72, 73, 75.

- Plaintiff's Exhibit Nos. 20, 31, 33, 36, 39, 40, 41, 42, 44, 51, 55, 61, 76, and 90.

ME1 52583713v.1

Hon. Arun Subramanian U.S.D.J.
March 26, 2025
Page 3 of 3

       Pursuant to Section 11(C) of the Court's Individual Practices, Defendants will separately write to the Court to justify Defendants' sealing requests within three (3) days.

       Respectfully submitted,

       */s/ Curtis B. Leitner*
       Curtis B. Leitner

cc: All counsel of record (via ECF)